**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4856**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAINE BIVINGS, a/k/a Bivo,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-04-840)

Submitted:  March 8, 2006                Decided:  April 3, 2006

Before MICHAEL, DUNCAN, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jermaine Bivings appeals his convictions and 216-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of crack (Count 1), in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute a quantity of cocaine and more than fifty grams of crack (Count 2), in violation of 21 U.S.C. § 841(a)(1) (2000); use of a telephone to facilitate the drug offense charged in Count 2 (Count 4), in violation of 21 U.S.C. § 843(b) (2000); and possession with intent to distribute more than fifty grams of crack (Count 8), in violation of § 841(a)(1). Bivings' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the plea colloquy but stating that, in his view, there are no meritorious issues for appeal. Bivings has filed a pro se supplemental brief. We affirm.

Counsel questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Bivings' guilty plea. Because Bivings did not move to withdraw his guilty plea,[*] we review his challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule

---

[*]Bivings filed two motions to withdraw his guilty plea in the district court but withdrew them at the sentencing hearing.

11 hearing and find no plain error in the district court's acceptance of Bivings' guilty plea. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

In his pro se supplemental brief, Bivings contends that the district court erred by denying his motion for the appointment of new counsel. Our review of the record convinces us that the district court did not abuse its discretion in denying the motion. See United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004) (stating standard of review and discussing factors courts consider in ruling on motion). Finally, with regard to Bivings' claim that counsel provided ineffective assistance due to a conflict of interest, we "may address [such claims] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 386973 (U.S. Feb. 21, 2006) (No. 05-8667). Because we find no evidence of counsel's ineffectiveness on the record presented, we decline to review this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Bivings' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED